**No. 58460.**—Browne Vintners Co., Inc. *v.* United States, protest 217420–K (San Francisco).

JOHNSON, Judge: It is claimed in the protest before us that "The liquidation is erroneous in that no allowance has been made for withdrawal for supplies for vessels Serial 1057, 3/1/50 the conditions of which have been complied with." It appears from the warehouse withdrawal permit, Serial No. 1057, which is among the official papers, that eight cases of champagne were withdrawn at the port of San Francisco conditionally free of duty under section 309 (a) of the Tariff Act of 1930 for vessel supplies for the SS. *Lurline* bound for Honolulu. According to the collector's report on protest, allowance in duty and tax for the eight cases was not made because the documents required by section 10.64, Customs Regulations of 1943, were not before the liquidator at the time of liquidation. The report continues:

* * * These documents were subsequently produced and the importer is now entitled to allowance in duty and tax for these eight (8) cases. However, we cannot act on this protest because the 90 day period provided for in Sec 515 TA 1930, has expired.

When the case was called for trial, the protest was amended to add the following:

Allowance in duty should have been made under section 466, Tariff Act of 1930, for champagne used as ships stores and covered by liquidation withdrawal 1057.

It is evident that the section cited is inapplicable, since it refers to the equipment and repairs of vessels, whereas the within merchandise falls within the definition of ships' supplies. *H. E. Warner, Trustee, American Mail Line, Ltd.* v. *United States*, 28 C. C. P. A. (Customs) 143, C. A. D. 136; *Atlas Marine Supply Co.* v. *United States*, 29 C. C. P. A. (Customs) 20, C. A. D. 165. However, exemption from duty and taxes for supplies of certain vessels is provided for in section 309 (a), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, referred to in the withdrawal permit. The sufficiency of the protest has not been questioned, and, since all of the essential facts appear in the protest or in official documents before the collector, we think he was adequately informed of the importer's claim. *Kilburn Mill* v. *United States*, 26 C. C. P. A. (Customs) 54, 59, T. D. 49598.

Section 309 (a) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, provides:

## SEC. 309. SUPPLIES FOR CERTAIN VESSELS AND AIRCRAFT.

(a) EXEMPTION FROM CUSTOMS DUTIES AND INTERNAL-REVENUE TAX.— Articles of foreign or domestic manufacture or production may, under such regulations as the Secretary of the Treasury may prescribe, be withdrawn from bonded warehouses, bonded manufacturing warehouses, or continuous customs custody elsewhere than in a bonded warehouse free of duty or internal-revenue tax * * * for supplies (not including equipment) of vessels employed in the fisheries or in the whaling business, or actually engaged in foreign trade or trade between the Atlantic and Pacific ports of the United States or between the United States and any of its possessions, * * *.

Section 10.64 (a) of the Customs Regulations of 1943, referred to in the collector's report, provides that warehouse entry bonds may be credited or canceled as to articles withdrawn for use as supplies of vessels, if an affidavit executed by the master or other officer of the vessel on which the articles were used is filed within the prescribed time.

At the trial, Frank Clair Simmons, liquidator at the port of San Francisco, testified that at the time of liquidation the master's affidavit of use was not in the jacket and, therefore, the merchandise was considered dutiable. The witness stated that he found subsequently that the affidavit had been presented by the importer but had been misfiled. Had it been before him at the time of liquidation, he said, he would have granted an allowance in duty and tax, since it showed that the merchandise had been used and had not been landed in a port in the United States.

On the record presented, and since the official papers indicate, and it is not disputed, that the merchandise was withdrawn from warehouse and laden on board a vessel engaged in trade between the United States and one of its possessions, we hold that an allowance in duty and tax should have been granted pursuant to section 309 (a) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. *Asiatic Petroleum Corp.* v. *United States*, 36 C. C. P. A. (Customs) 9, C. A. D. 389; *Asiatic Petroleum Corp.* v. *United States*, 30 Cust. Ct. 169, C. D. 1516. Judgment will be rendered directing the collector to reliquidate the entry accordingly.